IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 19-346 |
| DERRICK WALKER<br>a/k/a Sin | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Douglas C. Maloney, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a seven-count indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Distribution of fentanyl, a Schedule II controlled substance, resulting in death. On or about June 15, 2019. | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |
| 2 and 3 | Possession with intent to distribute a mixture containing heroin, a Schedule I controlled substance and fentanyl, a Schedule II controlled substance and possession with intent to distribute fentanyl, a Schedule II controlled substance. On or about June 24, 2019. | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |
| 4 | Conspiracy to possess with intent to distribute and to distribute more than 40 grams of fentanyl, a Schedule II controlled substance. From in and around 2018 to on or about August 26, 2019. | 21 U.S.C. § 846 |

| 5 and 7 | Possession of a firearm and/or ammunition by a convicted felon. On or about June 24, 2019. | 18 U.S.C. § 922(g)(1) |
| --- | --- | --- |
| 6 | Possession of body armor by a violent felon. On or about June 24, 2019. | 18 U.S.C. § 931 |

## II. ELEMENTS OF THE OFFENSE

**A.     As to Count 1:**

In order for the crime of distribution of a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), to be established, the United States must prove elements one through three of the following four elements, beyond a reasonable doubt. To hold the defendant responsible for distribution of fentanyl and resulting in death, the United States must prove all of the following four elements, beyond a reasonable doubt:

1. That the defendant distributed a mixture or substance containing a controlled substance.

2. That the defendant distributed the mixture or substance knowingly and intentionally.

3. That the mixture or substance contained fentanyl.

4. That death or serious bodily injury resulted from the use of the controlled substance. To find that death or serious bodily injury resulted from the use of the substance, the Government must prove beyond a reasonable doubt that the use of the substance was a but-for cause of the death or injury, meaning the government must prove beyond a reasonable doubt that the death or serious bodily injury would not have resulted had the victim not used the controlled substance distributed by the defendant.

**B.     As to Counts 2 and 3:**

In order for the crimes of possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of fentanyl and heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) to be established, the Government must establish the following elements beyond a reasonable doubt:

1.  That on or about the date(s) set forth, the defendant possessed with intent to distribute the controlled substance charged in Counts Two and Three of the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2.  That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3.  That fentanyl is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(b)(6), and that heroin is a Schedule I controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule I(b)(10).

**C.     As to Count 4:**

In order for the crime of conspiracy to possess with intent to distribute and to distribute more than 40 grams of fentanyl, a Schedule II controlled substance, in violation of Title 21 United States Code, Section 846, to be established, the Government must establish the following elements beyond a reasonable doubt:

      1.      That two or more persons agreed to distribute and possess with the intent a controlled substance.

      2.      That DERRICK WALKER a/k/a Sin was a party to or member of that agreement.

      3.      That DERRICK WALKER a/k/a Sin joined the agreement or conspiracy knowing of its objective to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that DERRICK WALKER a/k/a Sin and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective;

      4.      That fentanyl is a Schedule II controlled substance, pursuant to 21 U.S.C. 812(c), Schedule II(b)(6).

      5.      That the amount of heroin attributable to DERRICK WALKER a/k/a Sin as a result of his own conduct and the conduct of conspirators reasonably foreseeable to him was 40 grams or more of fentanyl, a Schedule II controlled substance. 21 U.S.C. § 841(b)(1). Apprendi v. New Jersey, 530 U.S. 466 (2000); Alleyne v. United States, 133 S. Ct. 2151 (2013).

**D.**      **As to Counts 5 and 7:**

In order for the crime of possession of a firearm and ammunition by a convicted felon to be established, the Government must establish the following elements beyond a reasonable doubt:

      1.      DERRICK WALKER a/k/a Sin knowingly possessed the firearm and/or ammunition described in Counts Five and Seven of the Indictment;

      2.      At the time of the charged acts, DERRICK WALKER a/k/a Sin had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

3.  At the time of the charged act, the defendant knew that he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year; and

4.  DERRICK WALKER's a/k/a Sin's possession was in or affecting interstate or foreign commerce.

Third Circuit Model Criminal Jury Instruction 6.18.922G (modified).

E.   As to Count 6:

In order for the crime of possession of body armor by a felon convicted of a crime of violence, in violation of 18 U.S.C. § 931(a), to be established, the Government must establish the following elements beyond a reasonable doubt:

1.  That the defendant has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

2.  That the conviction was an offense under State law that would constitute a crime of violence, as defined by 18 U.S.C. §16(a), in that it was an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another;

2.  At the time of the charged act, the defendant knew that he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year and that the crime at issue was a crime of violence;

3.  That after this conviction, the defendant knowingly possessed the body armor described in Count Six of the Indictment. Body armor is defined as "any product sold or offered for sale, in interstate or foreign commerce, as personal protective body covering intended

to protect against gunfire, regardless of whether the product is to be worn alone or is sold as a complement to another product or garment." 18 U.S.C. § 921(a)(35) (2015) and;

  4. That the body armor was sold, or offered for sale, in interstate or foreign commerce.

> 18 U.S.C. § 931(a); 18 U.S.C. § 16; 18 U.S.C. § 921(a)(35); United States v. Alderman, 565 F.3d 641 (9th Cir. 2009); United States v. Kitsch, 307 F.Supp.2d 657 (E.D. Pa. 2004).

### III. PENALTIES

  **A.** **As to Count 1: Distribution of fentanyl resulting in death (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):**

  1. A term of imprisonment of at least twenty (20) years and up to life.

  2. A fine not to exceed $1,000,000.

  3. A term of supervised release of at least three (3) years, and up to life.

If the fentanyl involved in the distribution resulted in the death or serious bodily injury of a user of the fentanyl, and the defendant has at least one prior felony drug conviction that is final, whether federal, state, or foreign:

  1. A mandatory sentence of life imprisonment.

  2. A fine not to exceed $2,000,000.

  **B.** **As to Counts 2 and 3: Possession with intent to distribute fentanyl and possession with intent to distribute a mixture of heroin and fentanyl (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):**

  1. A term of imprisonment of not more than twenty (20) years.

  2. A fine not to exceed $1,000,000.

   3. A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

   1. A term of imprisonment of not more than thirty (30) years.

   2. A fine not to exceed $2,000,000.

   3. A term of supervised release of at least six (6) years, and up to life.

 **C.** **As to Count 4: Conspiracy to possess with intent to distribute and to distribute more than 40 grams of fentanyl, a Schedule II controlled substance (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i) and 841(b)(1)(B)(vi)):**

   1. A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

   2. A fine not to exceed $5,000,000.

   3. A term of supervised release of at least four (4) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

   1. A term of imprisonment of not less than ten (10) years to a maximum of life.

   2. A fine not to exceed $8,000,000.

   3. A term of supervised release of at least eight (8) years.

 **D.** **As to Counts 5 and 7: Possession of a firearm and/or ammunition by a convicted felon (18 U.S.C. § 922(g)(1)):**

   1. A term of imprisonment of not more than ten (10) years. However, if it is determined that the defendant has three previous convictions for a violent felony or a serious

drug offense, or both, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

        2.      A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

        3.      A term of supervised release of three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

        **E.**      **As to Count 6: Possession of body armor by a violent felon (18 U.S.C. § 931)):**

        1.      A term of imprisonment of not more than three (3) years (18 U.S.C. § 924(a)(7)).

        2.      A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

        3.      A term of supervised release of not more than one (1) year (18 U.S.C. § 3583(b)(3)).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


*/s/ Douglas C. Maloney*
DOUGLAS C. MALONEY
Assistant U.S. Attorney
PA ID No. 314082